UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JUSTIN CUDDON,

       Defendant.

**MEMORANDUM AND ORDER**

---

L<small>A</small>S<small>HANN</small> D<small>E</small>A<small>RCY</small> H<small>ALL</small>, United States District Judge:

  Defendant Justin Cuddon, currently incarcerated at Federal Medical Center Butner ("FMC Butner"), moves pursuant to 18 U.S.C. § 3582(c)(l)(A)(i) as amended by § 603 of the First Step Act of 2018 (the "First Step Act") for compassionate release.

## BACKGROUND

  On June 5, 2017, the Government filed Information charging Defendant with conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery. (*See* Info., ECF No. 7.) On the same day, Defendant waived indictment, pleaded guilty to both counts of the Information, and was remanded into custody. (*See* Waiver Indict., ECF No. 8; Order Det., ECF. No. 6.) At the plea hearing, Defendant stated that he participated in two attempted robberies in March 2012, one of which resulted in the beating and death of an 89-year-old man. (Plea Hr'g Tr. 27:19–28:7.) On November 21, 2019, the Court sentenced Defendant to 101 months' incarceration followed by 18 months' supervised release. (*Id*. at 3; Judgment, ECF No. 49.) Defendant was subsequently transferred to FCI Yazoo City Low in Mississippi ("Yazoo").

  On May 22, 2020, Defendant filed his first motion requesting compassionate release. (*See* Request for Compassionate Release, ECF No. 52.) The Court heard argument on Defendant's motion on July 9, 2020. The Court denied the motion, as it had not provided any

1

medical evidence of medical conditions upon which any extraordinary or compelling basis for release could be found.

In February 2021, Defendant began submitting sick call request forms to Yazoo, complaining of migraines and chest pain. (*See* Def.'s Mot., ECF No. 58.) Following subsequent complaints of worsening symptoms, Defendant underwent an x-ray examination on July 13, 2021, and a CT scan on July 21, 2021. (*Id.*) According to Defendant's medical records, the July 21, 2021 CT scan revealed that Defendant had two masses in his left chest, which were believed to be lymphoma. (*Id.*) However, additional testing was needed to determine the specific type of lymphoma. On September 20, 2021, Defendant filed his second motion requesting compassionate release. The Court denied Defendant's motion as premature and granted Defendant leave to renew once the additional testing was complete. (*See* Memorandum and Order, ECF. No. 62.)

On March 16, 2022, Defendant filed the instant motion requesting compassionate release. (Def.'s Mot., ECF No. 63.) Neither the Government or the Victim's Family Representative object. (*See* Gov't Resp. Def.'s Mot. ("Gov't Resp."), ECF No. 65.). The most recent assessment of Defendant's condition indicated that Defendant's expected life expectancy may be as short as eighteen months. (*See* Gov't Resp., ECF No. 65.)

## DISCUSSION

As amended by the First Step Act, the court may not modify a term of imprisonment once it has been imposed except:

> that upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, [the court] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or

2

>without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

Accordingly, there are four prerequisites to compassionate release. *First*, the defendant must have exhausted his administrative rights. *Id*. *Second*, the court must find that "extraordinary and compelling" reasons warrant release. *Id*. *Third*, the court must consider the § 3553(a) factors, to the extent applicable. *Id*. *Fourth*, release must be consistent with the Sentencing Commission's applicable policy statements. *Id*. Here, Defendant seeks release due to his mediastinal lymphoma. There is no dispute that the first and fourth prerequisites are met in this case. The Government agrees that Defendant has exhausted his administrative remedies; and Defendant's release is consistent with U.S.S.G. § 1B1.13 as he is not expected to recover from his condition in the near term.

In determining what constitutes "extraordinary and compelling reasons" for compassionate release, a district court may consider the "full slate of extraordinary and compelling reasons that an imprisoned person might bring before them[.]" *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Although not binding on this Court, the Sentencing Commission's policy statement provides guidance where a Defendant seeks release due to a medical condition. *Id*. at 236. The Sentencing Commission's policy statement suggests that "extraordinary and compelling reasons" for a sentence reduction may exist where "[a] defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)[,]" such as "metastatic solid-tumor cancer[.]" U.S.S.G. § 1B1.13 cmt. (1)(A)(i).

3

Here, Defendant's mediastinal lymphoma, and resulting end of life trajectory, is an extraordinary and compelling reason justifying release.

Consideration of the factors set forth in 18 U.S.C. § 3553(a) does not compel a different conclusion. In making a sentencing determination, the Court must arrive at a sentence that is "sufficient, but not greater than necessary, to comply with the purpose of [sentencing]." 18 U.S.C. § 3553(a). To do so, the Court must consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) [the kinds of sentence and sentencing range provided for in the USSG] (5) any pertinent [Sentencing Commission policy statement] (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

*Id.* Ultimately, in considering these factors in the context of a motion for compassionate release, the Court must determine whether "compassionate release would undermine the goals of the original sentence." *United States v. Sawicz*, No. 08-CR-287, 2020 WL 1815851, at *3 (E.D.N.Y. Apr. 10, 2020) (internal citation omitted). Here, it would not.

There can be no question that Defendant participated in two serious crimes, the commission of which resulted in the tragic killing of an elderly man. His sentencing guideline range was set at 235-293 months' incarceration. However, at sentencing, in view of a number of 3553(a) factors, this Court determined that a significant downward variance from the sentencing guidelines was warranted. Specifically, Defendant (i) had a criminal history score of one, (ii) took full responsibility for his conduct, (iii) had significant familial and community support, and (iv) demonstrated significant pre-sentence rehabilitation. (*See* Judgment, ECF No. 49.)

4

Now, while the nation remains gripped by the ongoing coronavirus epidemic, the Defendant has been diagnosed with mediastinal lymphoma, rendering him immunocompromised. Defendant's medical condition is dire. And his continued incarceration poses a serious risk to his health and would deny him potential vital medical care. On the current record, a further variance in Defendant's sentence would still result in a sentence that is sufficient, but not greater than necessary, to comply with the purpose of sentencing and "reflect the seriousness of the offence, . . . promote respect for the law, [or] . . . provide[] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Defendant's motion is, therefore, GRANTED.

## CONCLUSION

Mr. Cuddon's previously imposed sentence of 101 months' incarceration and 18 months' supervised release is reduced to time served followed by 18 months' supervised release, all of which shall be served on home confinement with electronic location monitoring. Mr. Cuddon shall be permitted to reside at his wife's residence in McDonough, Georgia. Mr. Cuddon is directed to submit a continuity of care plan to the Probation Department within two weeks of his release from custody. The BOP shall coordinate with Mr. Cuddon's counsel and doctors at FMC Butner to assist in the change of care. All other aspects of Mr. Cuddon's sentence remain unchanged, and Mr. Cuddon shall abide by all the terms and conditions of supervised release previously imposed and memorialized by the December 19, 2019 Judgment. Mr. Cuddon must notify the Probation Department for the Eastern District of New York immediately upon his arrival at the Residence and is directed to follow the instructions of the assigned probation officer. The Court directs the United States Attorney's Office for the Eastern District of New

York to formally notify the BOP and the Probation Department of this decision so that this order can be put into effect as quickly as possible.

                                                  SO ORDERED.

Dated: Brooklyn, New York                 /s/ LDH
       April 26, 2022                         LaSHANN DeARCY HALL
                                                  United States District Judge